710 P.2d 612

**Harry KATSEANES,**
**Plaintiff-counterdefendant,**
**Appellant,**

v.

**John YAMAGATA,**
**Defendant-counterclaimant,**
**Respondent.**

**No. 15109.**

Court of Appeals of Idaho.

Nov. 15, 1985.

H. William Furchner, Blackfoot, for plaintiff-counterdefendant, appellant.

R.M. Whittier, of Whittier & Souza, P.A., Pocatello, for defendant-counterclaimant, respondent.

Before BISTLINE *, Acting C.J., and McFADDEN ** and TOWLES ***, Acting JJ., Special Panel.

BISTLINE, Judge.

This case was earlier in this court, and decided by opinion found at 103 Idaho 773, 653 P.2d 1185 (1982). The underlying facts of the transaction between Katseanes and Yamagata are found at 103 Idaho at 774, 653 P.2d at 1186. As that opinion notes, only one narrow issue was decided:

> The sole basis for this appeal is the parol evidence ruling and we have been requested to address that issue only. Oth-

er issues that may arise at a new trial have not been briefed or presented on this appeal and we will not address them *sua sponte. Katseanes I, supra,* at 775, 653 P.2d at 1187.

Although we are in complete agreement that the oral testimony which the trial court rejected at the first trial should have been admitted, it is our view that it was admissible evidence because the Yamagata affirmative defense and counter-claim pleaded a cause of action in tort for fraudulent misrepresentations and promises allegedly made by Katseanes in order to induce Yamagata to complete the proposed transaction—which was Katseanes' assignment of the Indian lease in return for the Yamagata promissory note. We of course have the same record which was before the other panel which heard the first appeal, and there is no room for doubting that it was indeed the tort action which we say that it was. In order that we would be doubly certain, the briefs on the first appeal—a part of the record—also have been reviewed, and are wholly consistent with the pleadings upon which the case was first tried.[1]

* Justice of the Supreme Court.

** Justice of the Supreme Court (retired).

*** District Court Judge, First Judicial District (retired).

1. From the Yamagata opening brief:

> The **representations and promises made by the Plaintiff** to the Defendant to **induce Defendant to enter into the agreement** where Defendant would accept an assignment of the Indian lease and assume the performance **were very material to the assumption of the lease itself.** This gains more significance since up until the time that the representations were made which resulted in the assumption of the Indian lease, Defendant had insisted on a lower annual lease payment because of the potential cattle problem.
>
> As pointed out hereinabove Katseanes paid the Indians the sum of $61,234.51 for this lease. With these promises and representations, Katseanes was able to secure a promise to pay from Yamagata in the sum of $168,750.00 for the same tract of land. As shown by the offer of proof, Yamagata would not have signed the promissory note in this amount, nearly triple the amount agreed to be paid by Mr. Katseanes,

had not Mr. Katseanes made the promises to hold Mr. Yamagata harmless from any damages that might occur by reason of the trespassing cattle and by the promise made by Katseanes to fence the land should the threat of cattle trespass appear.

. . . .

The evidence received in the offer of evidence shows that these representations were made by Plaintiff without any intent on his part to perform them. **Defendant and Counter Claimant alleged fraud in the inducement of the contract and was prepared to prove these allegations.** It is very apparent from the record that Plaintiff did not have any intention of following the promises made.

This Court in the case of *Fowler vs. Uezzell* [94 Idaho 951, 500 P.2d 852 (1972) ], supra, set forth **the following requirements for the proof of fraud:**

"In general, a party alleging a cause of action based upon fraudulent misrepresentation must prove the following nine elements: (1) A representation; (2) Its falsity; (3) Its materiality; (4) The speaker's knowledge of the falsity or ignorance of its truth; (5) His intent that it should be acted upon by the person in the manner reasonably contemplated; (6) The

Apparently, the trial court and counsel, upon the reversal and remand, erroneously interpreted the 1982 opinion from this court as an appellate court directive that at the second trial the Yamagata cross-action would be tried not as the tort action which was pleaded, but as an action sounding in contract for the alleged breach of an oral agreement on the part of Katseanes that over the term of the Indian lease (15 years) which he was assigning to Yamagata, he, Katseanes, would be bounden to indemnify Yamagata for damages the latter might sustain by marauding cattle going on to the land in question—which lands Yamagata intended to and did put into crop—plus Katseanes' promise to erect a fence if and when one became necessary because cattle were being brought into proximity with the lease land.

We see nothing in the 1982 opinion which so directed the course of future proceedings on the remand for a new trial. And, on the contrary, we very much doubt that the court in 1982 had any inclination whatever to even suggest such a course where it is obvious in the extreme that Yamagata would at once be confronted with the provisions of I.C. § 9–505 which render invalid "an agreement that by its terms is not to be performed within a year from the making thereof ... unless the same or some note or memorandum thereof be in writing and subscribed by the party charged ...."

In our view it was jointly manifest error on the part of the court and both counsel resulting in palpable injustice that the second trial proceeded on an unpleaded theory entirely different from that which had been pleaded. Accordingly, we set aside the judgment which was entered on the verdict, and remand for a trial on the cause of action which Yamagata's answer and counter-claim pleaded.

Judgment below vacated. New trial ordered. No costs awarded.

McFADDEN and TOWLES, Acting JJ., concur.

hearer's ignorance of its falsity; (7) His reliance on its truth; (8) His right to rely thereon; (9) His consequent and proximate injury."

**Yamagata attempted to prove these necessary elements at the time of the trial.** The trial court refused to receive any evidence on the part of the Defendant and Counter Claimant which would support his affirmative defense and Counter Claim.

Appellant's Brief, *Katseanes I,* pp. 15–18 (bold emphasis added; underlining original).

From the Yamagata reply brief, its conclusion:
It is respectfully submitted that *the decision of the trial court should be reversed and remanded for a new trial and the Defendant be allowed to show the fraud in the inducement by parol evidence* and his damages upon his Counter Claim. Appellant's Reply Brief, *Katseanes I,* p. 13.